IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARMANDO GUTIERREZ,<br><br>      **Plaintiff,**<br><br>v.<br><br>OFFICER SKI,<br>OFFICER REAMS/HILL,<br>A CACIOPPO,<br>N. SHOCKLEY, and<br>A. HILL,<br><br>      **Defendants.** | Case No. 25-cv-01516-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case was severed from *Gutierrez v. Barwick, et al.,* No. 24-cv-2645-NJR, on July 31, 2025, and is limited to Plaintiff's Eighth Amendment claims regarding his cell conditions at Pinckneyville Correctional Center. (Counts 3 and 4). (Doc. 1). Plaintiff's claims are now before the Court for preliminary review. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT[1]

Plaintiff alleges the following: He was transferred to Pinckneyville Correctional Center (Pinckneyville) in April 2022 and assigned to a cell in Unit 2D. (Doc. 2, p. 10). Upon his arrival to his cell, Plaintiff noticed that the cell was too small to house two grown men. (*Id.*). Plaintiff notified Correctional Officer Ski that the cell was too small and requested to be housed in a single cell due to the lack of living space. (*Id.* at p. 11). Ski informed Plaintiff that he could not "make that accommodation" and that Plaintiff would have to write a request to be designated as "single man status." (*Id.*). Plaintiff wrote to the placement officer, identified as Reams/Hill,[2] several times informing her that the cell was too small to house two inmates and requesting to be placed on single man status, but he did not receive a response to his requests. (*Id.* at p. 11-12). During Plaintiff's time at Pinckneyville, from Aprill 2022 through January 2025, he continued to be celled in small cells and always with a cellmate. (*Id.* at p. 12). He states that at various times he was assigned to housing units 2 and 3 and that the cells in both units are identical in size and space. (*Id.*). None of the cells met the required floor space for two inmates, as required under Illinois state law, and did not meet American Correctional Association Standards. (*Id.* at p. 10, 12).

Starting in July 2023, Plaintiff was confined to his small cell with a cellmate at least four days a week because of excessive lockdowns implemented due to a staffing shortage. (Doc. 2, p. 13). He started experiencing extreme back and joint pain, constipation, headaches, and extreme depression. (*Id.*).

Beginning on June 5, 2023, when Plaintiff was housed in housing unit 3B in cell #25, the temperature of the cell house became dangerously high. (Doc. 2, p. 20). The extreme heat was

---

[1] The Clerk of Court is **DIRECTED** to rename the "Amended Complaint" at Doc. 2 as the "Complaint," as it is the first and only complaint in *this* lawsuit.
[2] Plaintiff states that Officer Hill is also known as Officer Reams. (Doc. 2, p.12).

causing Plaintiff to "pass out" and suffer from heat exhaustion. (*Id.*). Plaintiff spoke to Correctional Officer Cacioppo about the extreme heat and how he was suffering from heat exhaustion. (*Id.* at p. 21). Plaintiff asked to see a nurse. (*Id.*). Cacioppo responded that she was not going to call any medical staff and told Plaintiff "To stop crying about the heat and to deal with it as it was a part of [his] punishment for breaking the law." (*Id.*). Plaintiff wrote sick call requests reporting his heat related symptoms but did not receive a response. (*Id.*). Plaintiff spoke to Counselor Shockley about the heat and informed Shockley that he was losing consciousness. (*Id.*). Shockley told Plaintiff that he was aware that it was extremely hot in the housing unit but there was nothing he could do about it. (*Id.* at p. 21-22). Shockley stated that the heat is the reason he does not stay more than five minutes in Plaintiff's housing unit. (*Id.* at p. 22). Shockley advised Plaintiff to file a grievance but told Plaintiff that there was nothing that would be done because "Springfield wont approve the funds to repair the broken motors." (*Id.*).

Plaintiff filed a grievance about the heat on June 5, 2023. (Doc. 2, p. 22). He received a response from Shockley on June 28, 2023. (*Id.* at p. 23). Shockley disregarded Plaintiff's grievance by stating that the "grievant is using the grievance for general complaining, and that the counselor cannot address general complaining, and that the wing's temperatures are monitored daily, that repairs to equipment must be approved by Springfield before they can be completed and free standing fans cannot be installed on the wings due to safety issues." (*Id.*).

On July 27, 2023, when Plaintiff was housed in housing 2B, he spoke to Counselor Hill about the extreme heat within the dayroom and in his cell. (Doc. 2, p. 25). Hill stated that she knew it was extremely hot in the dayroom and cells, but there was nothing she could do about it. Hill stated that all "the air conditioning was being re-routed to the working areas that correctional staff use and it was not going to be fixed." (*Id.*). Plaintiff filed another grievance on July 27, 2023, and

received a response from Hill on August 9, 2023. (*Id.* at p. 26). Hill did nothing to address Plaintiff's needs. (*Id.* at p. 27).

## DISCUSSION

Based on the allegations in the Complaint, the Court *redesignates* the claims as follows:

**Count 1:** Eighth Amendment conditions of confinement claim against Ski and Reams/Hill for housing Plaintiff in a cell that failed to meet the required size for double-celling.

**Count 2:** Eighth Amendment conditions of confinement and/or deliberate indifference claim against Cacioppo, Shockley, and Hill for housing Plaintiff in a cell in extreme temperatures and refusing to ensure Plaintiff received medical treatment for his heat exhaustion.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[3] pleading standard.**

Two elements are required to establish a constitutional violation for conditions of confinement. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id*. at 842.

Plaintiff's Eighth Amendment claim against Officers Ski and Reams/Hill for double celling him in a small cell fails. The practice of housing two inmates in a prison cell designed for one, known as "double celling," is not per se unconstitutional. *French v. Owens,* 777 F. 2d 1250, 1252 (7th Cir. 1985) (citing *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)). *See also Crenshaw v.*

---

[3] *See Bell Atlantic, Corp., v. Twombly*, 550 U.S. 544, 570 (2007).

*Baldwin,* No. 17-cv-637-NJR, 2017 WL 3189500, at *5 (S.D. Ill. 2017) (noting that the plaintiff's Eighth Amendment claim was grounded in the assertion that the "size of his cell alone violates constitutional standards" and that is "not the law"). Neither does a violation of IDOC policy or Illinois state law amount to a constitutional violation. *See Wozniak v. Adesida,* 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."). Conditions of confinement claims require a plaintiff to plead that the conditions denied him "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Other than stating he believed his cell to be too small, he does not connect the cell size to an excessive risk to his health or safety at the time he moved into the cell in April 2022 and informed Officers Ski and Reams/Hill of his desire to be placed in cell by himself. It is not until over a year later that Plaintiff states he started being excessively confined to the cell due to lockdowns and experiencing physical ailments due to the lack of out of cell time and excessive heat. (Doc. 1, p.13, 20). Based on the facts as pled, Plaintiff only complained to Ski and Reams/Hill about the size of his cell in April 2022 at the time of his transfer, and he requested to be placed on single cell status. Nothing in the Complaint allows the plausible inference that Ski and Reams/Hill were aware of and disregarded a deprivation of Plaintiff's basic human needs. Accordingly, Count 1 is dismissed.

Count 2 will proceed against Correctional Officer Cacioppo and Counselors Shockley and Hill. Plaintiff informed these individuals about the excessive heat and that he was in need of medical assistance, and they failed to act to alleviate the problem or ensure Plaintiff received treatment. *See Chandler v. Crosby,* 379 F. 3d 1278, 1295 (7th Cir. 2004).

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** is **DISMISSED without prejudice. COUNT 2** shall proceed against

Cacioppo, Shockley, and Hill. Because there are no surviving claims against Ski and Reams/Hill, the Clerk of Court shall **TERMINATE** them as defendants on the docket.

The Clerk of Court shall prepare for Cacioppo, Shockley, and Hill the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit includes allegations regarding physical injury and medical care, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Pursuant to Administrative Order No. 244, Defendants need only to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 27, 2026**

       *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.